# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBRA ADAMS, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. CV 17-04030-AFM <br><br> **MEMORANDUM OPINION AND ORDER REVERSING AND REMANDING DECISION OF COMMISSIONER** |

Plaintiff filed this action seeking review of the Commissioner's final decision denying her applications for Social Security disability insurance benefits and supplemental security income. In accordance with the Court's case management order, the parties have filed memorandum briefs addressing the merits of the disputed issues. The matter is now ready for decision.

## BACKGROUND

On October 13, 2015, Plaintiff applied for disability insurance benefits and supplemental security income, alleging disability since March 31, 2015. Plaintiff's applications were denied initially and on reconsideration. (Administrative Record

["AR"] 89,100, 101-115.) A hearing took place on December 13, 2016 before an Administrative Law Judge ("ALJ"), at which Plaintiff, her representative, and a vocational expert ("VE") were present. (AR 39-88.) At the hearing, Plaintiff amended her onset date to May 28, 2015. (AR 22, 51.)

In a decision dated January 26, 2017, the ALJ found that Plaintiff suffered from the severe impairments of status post right hip hemiarthroplasty and diabetes with peripheral neuropathy. (AR 24.) The ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following restrictions: (1) no climbing ladders, ropes, or scaffolds; (2) occasional climbing, balancing, stooping, kneeling, crouching, and crawling; and (3) avoid concentrated exposure to hazards. (AR 26.) After obtaining the opinion of the VE, the ALJ found that Plaintiff was capable of performing her past relevant work as a case aide and case manager. (AR 31.) Accordingly, the ALJ concluded that Plaintiff was not disabled at any time from May 28, 2015 to the date of the decision. (AR 31-32.)

The Appeals Council subsequently denied Plaintiff's request for review (AR 7-13), rendering the ALJ's decision the final decision of the Commissioner.

**DISPUTED ISSUES**

1. Whether the ALJ erred in finding that Plaintiff could perform her past relevant work.
2. Whether the ALJ's RFC assessment is free from legal error and supported by substantial evidence.
3. Whether the ALJ properly evaluated the opinion of Plaintiff's treating physician.
4. Whether the ALJ properly rejected Plaintiff's subjective complaints.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. *See Treichler v.*

*Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014). Substantial evidence means "more than a mere scintilla" but less than a preponderance. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must review the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Lingenfelter*, 504 F.3d at 1035. Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. *See Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## DISCUSSION

**1.      The Treating Physician's Opinion**

Isabel Gonzales Diaz, M.D., began treating Plaintiff in October 2015. Dr. Diaz's treatment notes reflect that she diagnosed Plaintiff with asthma, anxiety, diabetic neuropathy, carpal tunnel syndrome, diabetic retinopathy, hypertension, hyperlipidemia, and a fracture of her right femoral neck (for which Plaintiff had surgery). (*See* AR 507-508, 515-518, 550-552, 557-560, 561-568, 598-607, 611-619, 621-630.)[1] On November 21, 2016, Dr. Diaz completed a form entitled "Treating Source Statement – Physical Conditions," on which she indicated that Plaintiff suffered from severe bilateral carpal tunnel syndrome, diabetic polyneuropathy affecting all four extremities, diabetic retinopathy, and had undergone surgery for a right hip fracture. (AR 703.) Dr. Diaz opined that Plaintiff could rarely lift or carry 10 pounds; could sit a total of four hours in an eight-hour workday; could stand or walk a total of one hour in an eight-hour workday; needed to use a cane for

---

[1] In addition to several other physicians who treated Plaintiff, Dr. Diaz provided medical care at the West Ventura Medical Clinic. The Administrative Record includes multiple copies of most, if not all, of the medical records from that Clinic. Where possible, the Court has attempted to simplify the record by citing to a single set of a relevant report or treatment note.

3

ambulation; could rarely reach overhead or in all directions; could not handle, finger, feel, or push/pull with either hand or arm; could not use foot controls; could not climb stairs ramps, ladders or scaffolds; could not balance, stoop, kneel, crouch, or crawl; would likely be absent from work more than four days per month; and would likely be "off task" due to concentration and attention deficits more than 25% of an eight-hour workday. (AR 703-706.) According to Dr. Diaz, Plaintiff's limitations were caused by pain and numbness in her feet and hands. (AR 704.)

### 2. The ALJ's Consideration of Dr. Diaz's Opinions

The medical opinion of a claimant's treating physician is entitled to controlling weight so long as it is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017) (quoting 20 C.F.R. § 404.1527(c)(2)). If a treating physician's medical opinion is uncontradicted, the ALJ may only reject it based on clear and convincing reasons. *Trevizo*, 871 F.3d at 675; *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). If a treating physician's opinion is contradicted, the ALJ must provide specific and legitimate reasons supported by substantial evidence in the record before rejecting it. *Trevizo*, 871 F.3d at 675; *Ghanim v. Colvin*, 763 F.3d 1154, 1160-1061 (9th Cir. 2014); *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). The ALJ can meet the requisite specific and legitimate standard "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Trevizo*, 871 F.3d at 675 (citations and internal quotation marks omitted).

Because Dr. Diaz's opinion was contradicted by the opinions of non-examining State agency physicians who assigned a less restrictive RFC (*see* AR 30-31, 89-99, 101-114), the ALJ was required to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting it. *Orn*, 495 F.3d at 632.

The ALJ's decision provided the following reasons for the rejection of Dr. Diaz's opinion:

> The assessments of Dr. Diaz were given little probative weight. They were rejected because she failed to include any discussion of objective evidence to support her conclusions. She checked answers to questions on a form without narrative discussion of the objective medical findings. Her assessment conflicted with the weight of the overall mild evidence in the record and the lack of assigned limitations by other physicians.

(AR 29-30.)

The Ninth Circuit has made clear that an ALJ is "not entitled to reject the responses of a treating physician without specific and legitimate reasons for doing so, even where those responses were provided on a 'check-the-box' form, were not accompanied by comments, and did not indicate to the ALJ the basis for the physician's answers." *Trevizo*, 871 F.3d at 683 n.4. Thus, when a physician's opinions are expressed in check-box form, they are still entitled to weight when they are "based on significant experience with [a claimant] and supported by numerous records ...." *Garrison v. Colvin*, 759 F.3d 995, 1013 (9th Cir. 2014) (footnote omitted).

Here, the ALJ rejected Dr. Diaz's opinions regarding Plaintiff's functional limitations because they were expressed in a "check-box" form and, in that form, Dr. Diaz failed to include objective medical evidence to support her opinions. The ALJ's analysis of the format of Dr. Diaz's opinion, however, fails to recognize that those opinions were gleaned from her treating relationship with Plaintiff, that the treating relationship involved an impairment that the ALJ found independently severe – namely, diabetes with peripheral neuropathy – and that at least some aspects of Dr. Diaz's opinions were supported by her treatment notes. For example, during her October 21, 2015 examination, Plaintiff complained of bilateral feet neuropathy. (AR 621.) She stated she did not tolerate gabapentin because it made her drowsy.

(AR 624.) Physical examination of Plaintiff's feet revealed: "bilat[eral] 2+ pedal pulses. No deformities, but bilateral gross decreased sensory on distal MTT [manual tactile test], toes." (AR 626.) In addition, examination of Plaintiff's hand resulted in a positive Tinel sign "for median nerve." (AR 626.) Dr. Diaz diagnosed Plaintiff with diabetes mellitus with diabetic polyneuropathy and carpal tunnel syndrome of the right upper limb. (AR 622.) In light of the other medical records from Dr. Diaz, the mere fact that Dr. Diaz's opinions were expressed in "check-box" form was not a proper basis for rejecting them. *See Burrell v. Colvin*, 775 F.3d 1133, 1140 (9th Cir. 2014) (ALJ erred in rejecting a check the box medical assessment by the claimant's treating physician's opinions, where those opinions were consistent with the claimant's testimony and with the physician's extensive treatment notes); *Charlton v. Berryhill*, 2018 WL 3344178, at *6 (C.D. Cal. July 6, 2018) (ALJ erred by "failing to recognize that Dr. Lu's opinions were based on a significant treatment relationship she had with Plaintiff and were, thus, due more weight than otherwise unsupported or unexplained check-the-box forms would command"); *Gutierrez-Ponce v. Berryhill*, 2017 WL 3438445, at *4 (C.D. Cal. Aug. 9, 2017) (ALJ erred by rejecting treating physician opinion on the basis that it was a "check-box" form where opinion was based upon treating relationship and where at least some aspects of physician's opinion were supported by his treatment notes).

The ALJ's remaining reason for rejecting Dr. Diaz's opinions – that they "conflicted with the overall mild evidence in the record and the lack of assigned limitations by other physicians" – fares no better. An ALJ may discredit treating physician's opinion that is unsupported by the record as a whole or by objective medical findings. *See Batson v. Comm'r of Soc. Sec.*, 359 F.3d 1190, 1195 (9th Cir. 2004). However, simply stating that a medical opinion is inconsistent with the overall evidence in the record "is not a specific reason for rejecting the opinion; it is nothing more than boilerplate." *Carmona v. Berryhill*, 2017 WL 3614425, at *4 (C.D. Cal. Aug. 22, 2017).

In dismissing Dr. Diaz's opinions, the ALJ failed to identify any specific inconsistencies between any particular opinion and any portion of the medical record. As set forth above, Dr. Diaz assessed a wide variety of limitations, including limitations on Plaintiff's ability stand and walk, her ability to maintain concentration, and her ability to handle, finger, feel, push and pull. At the same time, the record contains at least some objective evidence of Plaintiff's diabetic neuropathy from both Dr. Diaz and from other medical sources that could support these limitations. (*See* AR 846-848, 861-868, 877-880, 916-920, 928-932, 954-958.) In these circumstances, merely invoking the boilerplate language that Dr. Diaz's opinions "conflicted with the overall mild evidence in the record" does not amount to a specific and legitimate reason for rejecting the opinion. *See Garrison*, 759 F.3d at 1012-1013 ("an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion"); *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required. . . .").

The ALJ's reliance upon the "lack of assigned limitations by other physicians," is also insufficiently specific. Although not entirely clear, it appears that the "other physicians" the ALJ references are the non-examining State agency physicians' whose opinions the ALJ adopted. As a matter of law, however, "the opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician [or a treating physician]." *Buck v. Berryhill*, 869 F.3d 1040, 1050 (9th Cir. 2017) (quoting *Lester v. Chater*, 81 F.3d 821, 830 (1995). Although the Commissioner should not be faulted for explaining a decision with "less than ideal clarity," an ALJ must nevertheless set

out the reasoning behind a decision in a way that allows for meaningful review. *See Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015). The ALJ erred by not doing so here.

In an attempt to support the ALJ's determination, the Commissioner points to other portions of the record that tend to undermine Dr. Diaz's opinions. For example, the Commissioner cites to records indicating that despite complaining of hand and foot pain during some office visits, Plaintiff was in no acute distress, neurological findings were intact, and she had full ranges of motion in her hands. The Commissioner also points out that Dr. Diaz's carpal tunnel syndrome diagnosis was based upon a "one time clinical finding, but Plaintiff declined any objective testing." (ECF No. 21 at 8.)

However, the ALJ's decision did not reject Dr. Diaz's opinion based upon the additional reasons and medical evidence cited by the Commissioner, and the Court's review is limited to the reasons the ALJ actually articulated in his decision. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1225-1226 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ – not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking.") (citing *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947)); *Orn*, 495 F.3d at 630 ("We review only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely."); *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

Finally, even "[w]hen a treating physician's opinion is not controlling," it should still be "weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician." *Trevizo*, 871 F.3d at 675 (citing § 404.1527(c)(2)–(6)). While *Trevizo*

does not necessarily demand "a full-blown written analysis of all the regulatory factors," it does require "some indication that the ALJ considered them." *Lisa R. S. H. v. Berryhill*, 2018 WL 3104615, at *5 (C.D. Cal. June 21, 2018) (quoting *Hoffman v. Berryhill*, 2017 WL 3641881, at *4 (S.D. Cal. Aug. 24, 2017)). It is not clear from the ALJ's decision that he considered the relevant factors before rejecting Dr. Diaz's opinion, and "[t]his failure alone constitutes reversible legal error." *Trevizo*, 871 F.3d at 676; *see also Revels v. Berryhill*, 874 F.3d 648, 664 (9th Cir. 2017) (ALJ failed to provide "specific and legitimate reasons" to reject treating physician's opinion and also "failed to follow the appropriate methodology for weighting a treating physician's medical opinion").

**3.     The Error Was Not Harmless**

An ALJ's failure to properly evaluate a treating physician's opinion may be harmless error when a reviewing court "can confidently conclude that no reasonable ALJ, when fully crediting the [opinion], could have reached a different disability determination." *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055-1056 (9th Cir. 2006)). The Court cannot conclude as much here. To the contrary, crediting some or all of Dr. Diaz's opinions would have likely altered Plaintiff's RFC and, consequently, would have caused additional limitations to be included in the hypothetical presented to the VE. *See Ghanim*, 763 F.3d at 1166 ("[I]f an ALJ's hypothetical is based on a residual functional capacity assessment that does not include some of the claimant's limitations, the vocational expert's testimony 'has no evidentiary value.'") (quoting *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1166 (9th Cir 2008)); *Matthews v. Berryhill*, 2018 WL 1352927, at *4 (C.D. Cal. Mar. 15, 2018) (failure to properly consider the treating physician's opinion was not harmless because a reasonable ALJ crediting the treating physician's opinion could have reached a different disability determination).

Because reversal is warranted based on the ALJ's failure to properly evaluate the treating physician's opinion, the Court need not resolve Plaintiff's remaining contentions.

**REMEDY**

Ninth Circuit case law "precludes a district court from remanding a case for an award of benefits unless certain prerequisites are met." *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2016) (citations omitted). "The district court must first determine that the ALJ made a legal error, such as failing to provide legally sufficient reasons for rejecting evidence. . . . If the court finds such an error, it must next review the record as a whole and determine whether it is fully developed, is free from conflicts and ambiguities, and all essential factual issues have been resolved." *Dominguez*, 808 F.3d at 407 (citation and internal quotation marks omitted).

Although the Court has found error as discussed above, the record on the whole is not fully developed and factual issues remain outstanding. The issues concerning Plaintiff's alleged disability "should be resolved through further proceedings on an open record before a proper disability determination can be made by the ALJ in the first instance." *See Brown-Hunter*, 806 F.3d at 496; *see also Treichler*, 775 F.3d at 1101 (remand for award of benefits is inappropriate where "there is conflicting evidence, and not all essential factual issues have been resolved") (citation omitted); *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011) (same where the record does not clearly demonstrate the claimant is disabled within the meaning of the Social Security Act).

Accordingly, the appropriate remedy is a remand for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).[2]

///

///

---

[2] It is not the Court's intent to limit the scope of the remand.

IT IS THEREFORE ORDERED that Judgment be entered reversing the decision of the Commissioner of Social Security and remanding this matter for further administrative proceedings consistent with this opinion.

DATED: 7/31/2018

_____
ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE